## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NORTHERN VIRGINIA FOOT & ANKLE ASSOCIATES, LLC** *et al.*, | ) ) ) | |
| PLAINTIFFS | ) ) | |
| v. | ) ) | **Civil Action No: 8:2010cv01640** **Judge Roger W. Titus** |
| **PENTAGON FEDERAL CREDIT UNION,** *et al.*, | ) ) ) | |
| DEFENDANTS. | ) | |

## DEFENDANT PENTAGON FEDERAL CREDIT UNION'S REPLY IN SUPPORT OF REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

Defendant Pentagon Federal Credit Union ("PFCU") submits this reply in support of its removal of this action to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332 (2010) because complete diversity of citizenship exists between Plaintiffs, citizens of the state of Maryland, and Defendants PFCU and Lydia McCaskill, both citizens of the Commonwealth of Virginia, and the amount in controversy is over $75,000. Inexplicably, Plaintiffs' Opposition fails to engage any of PFCU's arguments for diversity of citizenship jurisdiction here. For example, in their rejoinder to PFCU's reliance upon *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), Plaintiffs simply claim that PFCU is not a corporation, thereby arguing that *Hertz* is inapplicable. Yet, on the very next page, they admit that PFCU is a corporation. Plaintiffs, moreover, fail to identify any statute or mandatory precedent compelling the Court to remand this case to Maryland state court. Plaintiffs also disregard the "localization" doctrine to the extent it should now properly be recognized to conform to recent Supreme Court jurisprudence emphasizing sensible, simple rules for corporate citizenship and diversity jurisdiction. For these reasons, this Court should retain subject matter jurisdiction over this case.

**I.      Plaintiffs Fail to Identify Any Statutes or Mandatory Authority Requiring Remand.**

In their Opposition, Plaintiffs cite no statute or mandatory authority on point that obliges this Court to remand the case to Maryland state court.  Instead, they claim only that their interpretations of past precedents and statutes support the result that this Court does not have subject matter jurisdiction because PFCU, as a federally chartered corporation, is a citizen of no state for the purposes of diversity jurisdiction in federal courts.

Plaintiffs purport to cite persuasive authority and ostensibly binding precedents in opposition to PFCU's arguments supporting diversity jurisdiction here.  But nothing Plaintiffs rely on deprives this Court of federal subject matter jurisdiction based on diversity of citizenship.  Plaintiffs cite to the 1916 case of *Bankers Trust Co. v. Texas & Pacific Ry. Co.*, 241 U.S. 295, 309-10 (1916) as denying federally-chartered corporations state citizenship, Opp. at 3-5[1].  But *Bankers Trust* is distinguishable on several grounds.  It was decided decades before 28 U.S.C. § 1332 codified the principles of diversity jurisdiction and permitted the "principal place of business" analysis to determine state citizenship of a corporation.  Additionally, *Bankers Trust* involved a federally-chartered railroad and referenced statutes unique to railroads, see PFCU Memo. at 7, rather than federal banking institutions or even federal credit unions, which were not even in existence at the time.[2]  Furthermore, lower courts faced with subject matter jurisdiction challenges involving federally chartered corporations have not heeded *Bankers Trust*; instead, these courts fashioned the "localization" doctrine that furnishes federally-chartered corporations with diversity jurisdiction in the state where the corporation is "localized."  *See Feuchtwanger Corp. v.*

_____

[1] The paragraph extending from pages 4-5 of Plaintiffs' Opposition is actually a passage, without citation or quotation, from a Seventh Circuit case, which discusses the localization doctrine in dicta.  *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 428 (7th Cir. 2009).

[2] The Federal Credit Union Act was not enacted until 1934.

*Lake Hiawatha Fed. Credit Union*, 272 F.2d 453 (3d Cir. 1959); *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995). Given these distinguishing characteristics, *Bankers Trust* may no longer be good law, if it ever was, for the position that federally-chartered credit unions may not be a citizen of any state for purposes of diversity jurisdiction.

Second, in their only attempt to distinguish *Hertz*, the recent Supreme Court case which in PFCU's view should control federal diversity jurisdiction for federal credit unions, Plaintiffs claim that PFCU is not a corporation, thus arguing that the "principal place of business," *i.e.*, "nerve center," test would not apply to PFCU. Opp. at 5 ("[T]he *Hertz* Court was clearly dealing with a business entity (i.e., corporation) separate and distinct from a Federally Chartered credit union, like PFCU."); Opp. at 6 ("[T]he *Hertz* Court in applying the 'nerve center' test was dealing with diversity jurisdiction of a national corporation (i.e., automobile rental company), not a credit union chartered under the Federal Credit Union Act."). But, in the next section on the next page, Plaintiffs admit that "[s]imilar to PFCU, Lake Hiawatha Federal credit union was a corporation created under and in accordance with the provisions of the Federal Credit Union Act." Opp. at 7. *See also* Opp. at 3 ("THE PENTAGON FEDERAL CREDIT UNION IS A CORPORATION . . . .") (capitalization in original). Because Plaintiffs admit that PFCU is a corporation, they have no basis for their statement that "[c]learly, the Supreme Court never intended that its holding in *Hertz* would be applied to a federally chartered credit union like the PFCU." Opp. at 6.

Finally, Plaintiffs cite *Feuchtwanger* and *Lehman Brothers Bank, FSB v. Frank T. Yoder Mortgage*, 415 F. Supp. 2d 636 (E.D. Va. 2006), for the proposition that PFCU is not sufficiently localized to be considered a citizen of any state, but fail to acknowledge that both precedents are persuasive only. Moreover, as noted above, *Feuchtwanger* allowed, in reference to § 1332's principal

place of business amendment, that "localizations less extreme than we have in this case will suffice" to create state citizenship for a federally-chartered corporation. 272 F.2d at 456. Moreover, *Lehman Brothers* has since been superseded by statute – see PFCU Memo. at 8; 12 U.S.C. § 1464(x) (creating citizenship for federal savings association in state of home office) – and, as PFCU has argued in this case, *Lehman Brothers* overlooked jurisprudence that shows a trend towards investing federally chartered corporations with citizenship of the state of the corporation's principal place of business. PFCU Memo. at 6-9.

Thus, Plaintiffs fail to identify any precedent or statute depriving the Court of subject matter jurisdiction over this case by virtue of diversity jurisdiction.

**II.     The Localization Doctrine Is In Essence A Version of The "Principal Place of Business" Test, Which The Supreme Court Has Recently Clarified As The "Nerve Center" Test.**

Plaintiffs concede that statutes are not necessary to find federal court diversity jurisdiction for federally chartered corporations and acknowledge that the localization doctrine is a judge-made rule that allows federally chartered corporations to become a citizenship of its primary location. As Plaintiffs also must recognize, "localization" doctrine bridges the gap that would otherwise leave federally chartered corporations without recourse in federal courts under diversity jurisdiction, and the doctrine has lasted over 50 years without statutory authority or a Supreme Court imprimatur. *Feuchtwanger*, 272 F.2d 453; *Fickling*, 58 F.3d 603; Opp. at 7-10. Since the *Feuchtwanger* court adopted the "localization" doctrine, Congress amended § 1332 to add that a corporation can be a citizen of the state of its principal place of business, and the Supreme Court clarified in *Hertz* that the "principal place of business" is the

location of the corporate "nerve center," where the direction, control, and coordination of the corporation take place.[3]

Plaintiffs emphasize an interpretation of the localization doctrine that requires nearly all business activities of a federally chartered corporation to occur in one state. Nonetheless, another reading of the federal circuit court decisions in *Feuchtwanger* – which allowed "for the future, localizations less extreme than we have in this case will suffice to establish corporate citizenship in the administration of diversity jurisdiction," 272 F.3d at 456 – and *Fickling* – which allowed diversity jurisdiction "despite some out-of-state business activities," 58 F.3d at 606 – demonstrates that the "localization" doctrine is, in essence, another form of the "principal place of business," *i.e.,* "nerve center," test found in § 1332 and endorsed by the Supreme Court in *Hertz.*

Plaintiffs fail to recognize the consistency and parallels between the courts' localization and principal place of business tests. In fact, *Feuchtwanger* highlighted the recent amendment of § 1332 when implying that localizations may resemble the newly added "principal place of business" test. And, in *Fickling,* the Eleventh Circuit described a test for "localization" that resembles the now-discredited "general business activities" test for determining the state citizenship of a corporation. *Compare Fickling*, 58 F.3d at 606 (holding that localization doctrine required weighing of "variety of factors[,]" including "the corporation's principal place of business, the existence of branch offices outside the state, the amount of business transacted in different states, and any other data providing evidence that the corporation is local or national in nature") *with Hertz*, 130 S. Ct. at 1192 (describing Eleventh Circuit's

---

[3] Plaintiffs do not dispute that Virginia is the location of the direction, control, and coordination of PFCU's corporate activities, yet they claim PFCU's overall business activities are not sufficiently localized in the Commonwealth.

principal place of business test as a "determination as to whether 'a corporation's activities are centralized or decentralized[,]'" which *Hertz* rejected).

Thus, in seeking a jurisdictional guide for this case, this Court should recognize the localization doctrine as an (early) form of the principal place of business test found in § 1332, consistent with the Supreme Court's decision in *Hertz*. Plaintiffs' have missed this point entirely and ask the Court to adhere to a rigid interpretation that is rooted in the past and unnecessary after *Hertz*.[4]

### III. Plaintiffs Overlook Recent Precedent Supporting Simple Rules Governing Diversity Jurisdiction and Supporting PFCU's Citizenship in the Commonwealth of Virginia.

Plaintiffs' Opposition also ignores the Supreme Court's analysis that essentially promotes updating the "localization" doctrine. Recent Supreme Court precedents repeatedly emphasize "administrative simplicity" in tests that determine jurisdiction. *Hertz*, 130 S. Ct. at 1193; *Wachovia v. Schmidt*, 546 U.S. 303, 317-18 (2006) (encouraging a "sensibl[e]" result for diversity jurisdiction, rather than "a radical departure from the norm" found in § 1332, to find that national banks are "located" only in state listed in articles of association under 28 U.S.C. § 1348). Furthermore, Plaintiffs fail to engage in the rationales presented by PFCU in support of a "localization" doctrine that reflects the *Hertz* Court's

---

[4] In fact, the "localization" doctrine, standing alone, is an imperfect doctrine, especially in this era of technological advances that allow customers to reach across state borders with more ease than leaving their house. This doctrine fails to provide clear guidelines as to when a corporation is local – *Feuchtwanger* allowed state citizenship for a federal credit union entirely contained within one state, but later cases, such as *Fickling*, require a thorough review of the federally chartered corporation's general business activities to determine if and in what state a corporation is localized. *Cf.*, *Hertz*, 130 S. Ct. 1193-94 (rejecting complicated jurisdictional tests). Moreover, the "localization" doctrine is not self-contained and inadequately realized at this time: reliance upon § 1332 must be necessary in cases in which diversity jurisdiction exists for an adequately "localized" federal corporation but in which the amount in controversy is less than required under the statute. It is PFCU's position that recent Supreme Court precedents encourage this Court to recognize the "localization" doctrine as a "principal place of business" test under § 1332.

"nerve center" test, under § 1332's requirement that a corporation is a citizen of the state of its principal place of business. *See* PFCU Memo. at 14-16.

Indeed, Plaintiffs' Opposition highlights the reason why a principal place of business test is appropriate for a nationwide and international corporate banking entity, such as PFCU, which attends to customers literally around the world: "[t]he *Hertz* Court noted that because corporations come in many different forms, involve many different kinds of business activities, and locate offices and plants for different reasons in different ways in different regions, a general 'business activities' approach had proven unusually difficult to apply." Opp. at 5-6 (quoting, without attribution, *Hertz*, 130 S. Ct. at 1191). *See also Hertz*, 130 S. Ct. at 1193-94. As Plaintiffs recognize, the "general business activities" test, the first part of a two-part test that the Ninth Circuit endorsed, was emphatically rejected by the Supreme Court as an unworkable test that "invites greater litigation and can lead to strange results." *Hertz*, 130 S. Ct. at 1193.

Here, by adopting Plaintiffs' narrow version of the "localization" doctrine that hews closely to the *Feuchtwanger* notion of business localized in one state, the Court would lock PFCU into a stateless existence for federal diversity purposes. PFCU would be a citizen of no state because it has generalized business activities in other states – despite having its corporate headquarters and all major business decisions made in Virginia. This would eviscerate entirely the easy-to-apply test just endorsed by the Supreme Court, which looks to where the "corporate 'brain'" is located; for PFCU, its brain --the nerve center-- is located in Virginia. *See* Memo. of Law at 16-17. This is where its state of citizenship for federal diversity jurisdiction should be recognized, consistent with *Hertz*.

This Court should bring the localization doctrine up to date and align it with the *Hertz* nerve center test in order to embrace a sensible, simple jurisdictional rule for federally-chartered credit unions, such as PFCU, to have access to federal courts under diversity jurisdiction.

IV.     **CONCLUSION**

For these reasons, this Court should recognize that it has subject matter jurisdiction over this case based on diversity jurisdiction under 28 U.S.C. § 1332.

Dated:  December 1, 2010                              Respectfully submitted,

*Of Counsel:*
William J. Cople, III, Esq.                              ____/s/ Jared S. Wiesner_____
Jennifer H. Gans, Esq.                                   Jared S. Wiesner, Esq. (USDC of MD #17217)
   HOLLINGSWORTH LLP                              HOLLINGSWORTH LLP
   1350 I Street, N.W.                                      1350 I Street, N.W.
   Washington, DC  20005                              Washington, DC  20005
   Phone: (202) 898-5800                               Phone: (202) 898-5800
   Fax: (202) 682-1639                                    Fax: (202) 682-1639

*Attorneys for Defendant Pentagon Federal*          *Attorneys for Defendant Pentagon Federal*
*Credit Union*                                                    *Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2010, a true and correct copy of the foregoing was served in the manner indicated below:

| | |
|---|---|
| Gregory S. Winton, Esq. | Lydia D. McCaskill |
| Aviation Law Experts, LLC | 10206 Chase Commons Dr. #105 |
| One Research Court, Suite 450 | Burke, VA 22015 |
| Rockville, MD 20850 | Defendant |
| Counsel for Plaintiffs | |
| | |
| *via CM/ECF electronic notice* | *via first-class mail* |
| *and first-class mail* | |

\_\_\_\_/s/ Jared S. Wiesner_____
Jared S. Wiesner, Esq.
USDC of MD #17217
  HOLLINGSWORTH LLP
  1350 I Street, N.W.
  Washington, DC  20005
  Phone: (202) 898-5800
  Fax: (202) 682-1639

*Of Counsel:*
William J. Cople III, Esq.
Jennifer H. Gans, Esq.
  HOLLINGSWORTH LLP
  1350 I Street, N.W.
  Washington, DC  20005
  Phone: (202) 898-5800
  Fax: (202) 682-1639

*Attorneys for Defendant Pentagon Federal Credit Union*