# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| NORTHERN VIRGINIA FOOT & ANKLE ASSOCIATES, LLC *et al.*, ) ) ) PLAINTIFFS ) ) v. ) ) PENTAGON FEDERAL CREDIT UNION, *et al.*, ) ) ) DEFENDANTS. ) | Civil Action No: 8:2010cv01640 Judge Roger W. Titus |

## DEFENDANT PENTAGON FEDERAL CREDIT UNION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Defendant Pentagon Federal Credit Union ("PFCU") opposes Plaintiffs' Motion for Leave to Amend Complaint because the motion is unripe due to the pending decisions before this Court concerning subject matter jurisdiction and PFCU's motion to dismiss. Moreover, PFCU opposes this motion because Lydia McCaskill is a necessary party to the action. Plaintiffs also unduly delayed the progress of this case by first providing superficial changes in their first amended complaint and then waiting over six months to propose a second amended complaint that would address issues raised by PFCU in its motions to dismiss. Finally, when attempting to obtain PFCU's consent to the amended complaint, Plaintiffs failed to provide PFCU, even upon request, with a copy of their proposed amended complaint prior to filing their Motion, demonstrating Plaintiffs' failure to abide by the spirit of the Federal Rules. For these reasons, this Court should deny Plaintiffs' Motion for Leave to Amend Complaint.

## I. PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT SHOULD BE DENIED FOR SEVERAL REASONS.

### A. Plaintiffs' motion is unripe due to the pending motions before this Court.

Plaintiffs' motion for leave to amend their complaint for the second time[1] is unripe because of the pending decisions before this Court on subject matter jurisdiction and PFCU's motion to dismiss. In particular, PFCU's pending motion to dismiss may resolve Plaintiffs' case in its entirety, obviating the need for a second amended complaint. *See, e.g., Brooks v. Barnes*, No. 1:09CV214, 2010 WL 3782529, *1 (M.D.N.C. Sept. 28, 2010) (denying discovery motions as unripe when parties had yet to engage in discovery process). Thus, this Court should deny Plaintiffs' motion as unripe at this time.

### B. Lydia McCaskill is a necessary party to this action.

As Plaintiffs allege in their original and first amended complaints, co-Defendant McCaskill stole from them and deposited the funds into her account with PFCU; thus, she is the only link between Plaintiffs and PFCU, rendering her a necessary party here. *See* Fed. R. Civ. P. 12(b)(7), 19. *See also* 7 Wright & Miller, *Fed. Practice & Procedure*, §1602 (2010) ("The Supreme Court has described the contemporary philosophy of determining the proper dimensions of litigation as follows: '[T]he impulse is towards entertaining the broadest possible scope of action, consistent with fairness to parties; joinder of claims, parties and remedies is strongly encouraged.' Thus, the rule should be employed to promote the full adjudication of disputes with a minimum of litigation effort.") (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)). PFCU appears to be jointly and severally liable with co-Defendant McCaskill for the same transactions and occurrences – namely, the alleged conversion of Plaintiffs' funds. *Id. See also* Fed. R. Civ. P. 20(a)(2). Should Plaintiffs' theories prevail at trial,

---

[1] As Plaintiffs' Motion acknowledges, they filed their first amended complaint as of right under Rule 15(a) on July 15, 2010. Mot. at 1.

2

resolving this action would necessarily involve parsing out fault and damages between McCaskill and PFCU. For this reason, this Court should deny Plaintiffs' motion given the importance of McCaskill's participation in this case.

> **C.** **Plaintiffs have unduly delayed amending their complaint and failed to cure deficiencies that PFCU repeatedly raised in its motions to dismiss.**

PFCU has raised the issue of the deficiencies of Plaintiffs' original and first amended complaint in two separate motions to dismiss, starting in July 2010, but Plaintiffs waited over six months to address these concerns. Plaintiffs amended their complaint in July in a superficial attempt to cure these deficiencies but failed to address all of the problems discussed by PFCU in its motions to dismiss. Only before the January 10, 2011 hearing – the notice for which mentioned resolving PFCU's motion to dismiss – did the Plaintiffs attempt to amend their pleading and take PFCU's criticisms seriously.[2] As Plaintiffs note in their motion, leave to amend a complaint may be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Farwell v. Story*, Civ. A. No. DKC 10-1274, 2010 U.S. Dist. LEXIS 126661, *25 (D. Md. Dec. 1, 2010) (denying motion for leave to amend for failure to abide by local rules) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs' proposed third iteration of their complaint in more than six months reflects their undue delay in prosecuting this action and demonstrates a repeated failure to cure deficiencies raised by PFCU. *See Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (denying plaintiffs leave to amend complaint when plaintiffs had

---

[2] As stated earlier and as argued in PFCU's motion to dismiss, however, Plaintiffs' attempts to amend their complaint for the second time have fallen short of the requirements of the Federal Rules.

thirteen months and had already filed four iterations of their complaint). For this reason, this Court should deny Plaintiffs' motion for leave to amend their complaint.

> **D. Plaintiffs failed to provide a copy of the amended complaint when attempting to obtain the consent of PFCU.**

As counsel for PFCU indicated in his January 4, 2011 letter (Ex. 5 to Mot.), Plaintiffs failed to provide a copy of their second amended complaint to PFCU prior to filing this motion. While the Local Rules do not specify whether a plaintiff must provide a copy of the amended complaint, PFCU requested a copy of the second amended complaint in order to assess the changes and its defenses. Under Federal Rule 1, the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." By failing to provide PFCU with the amended complaint and instead by filing this motion to resolve this issue, Plaintiffs are violating the spirit of the Federal Rules. Thus, this Court should deny Plaintiffs' motion for leave to amend their complaint.

## II. CONCLUSION

For these reasons, this Court should deny Plaintiffs' Motion for Leave to Amend Complaint.

Dated: January 19, 2011                                   Respectfully submitted,

*Of Counsel:*                                             ___/s/ Jared S. Wiesner_____
William J. Cople, III, Esq.                               Jared S. Wiesner, Esq. (USDC of MD #17217)
Jennifer H. Gans, Esq.                                      HOLLINGSWORTH LLP
  HOLLINGSWORTH LLP                                         1350 I Street, N.W.
  1350 I Street, N.W.                                       Washington, DC  20005
  Washington, DC  20005                                     Phone: (202) 898-5800
  Phone: (202) 898-5800                                     Fax: (202) 682-1639
  Fax: (202) 682-1639

*Attorneys for Defendant Pentagon Federal*                *Attorneys for Defendant Pentagon Federal*
*Credit Union*                                            *Credit Union*

# **CERTIFICATE OF SERVICE**

  I hereby certify that on January 19, 2011, a true and correct copy of the foregoing was served in the manner indicated below:

| | |
|---|---|
| Gregory S. Winton, Esq. | Lydia D. McCaskill |
| Aviation Law Experts, LLC | 10206 Chase Commons Dr. #105 |
| One Research Court, Suite 450 | Burke, VA 22015 |
| Rockville, MD 20850 | Defendant |
| Counsel for Plaintiffs | |
| | |
| *via CM/ECF electronic notice* | *via first-class mail* |

            ___/s/ Jared S. Wiesner_____
            Jared S. Wiesner, Esq.
            USDC of MD #17217
             HOLLINGSWORTH LLP
             1350 I Street, N.W.
             Washington, DC  20005
             Phone: (202) 898-5800
             Fax: (202) 682-1639

            *Of Counsel:*
            William J. Cople III, Esq.
            Jennifer H. Gans, Esq.
             HOLLINGSWORTH LLP
             1350 I Street, N.W.
             Washington, DC  20005
             Phone: (202) 898-5800
             Fax: (202) 682-1639

            *Attorneys for Defendant Pentagon Federal Credit Union*